King, J.
This action was brought by Smitz in the court of common pleas to recover of Reynolds the sum of $245, which it is alleged in the petition the defendant below had fraudulently included and written into certain notes by way of ■interest, which plaintiff had signed and given in ignorance •of their terms.
It seems that Smitz bought of Reynolds, August 27, 1895, by a written contract, a tract of land and certain personal property situated th.ereon and described in the contract. Reynolds reserved in the contract the use and occupation of the buildings and certain other privileges in the premises, until March 1st, of the following year, and Smitz agreed in the contract to pay $100 cash (which was done), $1,500 on September 23, 1895, and the balance —$4,168—on or before Septembr 23, 1905, with interest at iseven per cent, from and after March 1, 1902, on all sums *85 not paid, and all interest payable anually. It was further -agreed that on payment of $1,500 in September, 1895, Reynolds was to make a warranty deed of the premises to the purchaser, who was to give notes for the unpaid pur•chase money, secured by a mortgage upon the premises.' •On September 25th, instead of the 23d, the parties met and executed respectively the deed and the notes and mortgage. These latter as written and signed varied somewhat from the terms of the contract in this: that they drew interest from date, to-wit: September 25, 1895, instead of March 1, 1896. The amount of the deferred payments was divided into ten notes, due yearly after March 1, 1896, the last one coming due March 1, 1906; and the notes coming ■ due March 1, 1903, and thereafter, being four in all, drew interest at eight per cent, per annum from date, payable ■ annually. Smitz in his petition below claimed that these -changes were without his knowledge or consent, and were written in fraudulently.
It is conceded that the notes do not follow the terms of the contract, and that the difference to the plaintiff is $245 at least; in other words, that he will be obliged to pay that •sum when he pays the notes, more than he would if the contract originally entered into had been followed. It is denied by the defendant that the change was either fraudulently or mistakenly made, but, he avers, it was made by -the agreement and the consent of the parties.
This case was tried to a jury, and a verdict for the plaintiff below rendered for $245. The plaintiff in error asks us -to reverse this, because it is not sustained by the law or the evidence, and because ■ of misconduct of plaintiff's counsel in his argument to the jury.
As above suggested, the petition alleges that the change was made by Reynolds, either alone or acting in collusion with the person whom he employed to write the papers, and was fraudulently máde. This the answer denies; and it is *86 urged here that the evidence does not support this allegation in the petition, and if it does not, that the verdict must fall. It is also urged, and it is true from an inspection of the record, that the charge of fraud was ignored by the court in his instructions to the jury. We do not think the evidence supports the allegation in the petition that this change in the contract was fraudulently made; but is that the only charge that could be suOmitted to the jury under these pleadings? The court in his charge says:
“Now, the question for you to determine, then, gentlemen, is, Was this contract changed after it was executed, by the mutual consent of the parties, and before the deed,, mortgage, and notes were executed and signed by the parties? If it was changed by the mutual consent of the parties, so that the notes actually expressed their contract and understanding, then, of course, the plaintiff cannot recover. But. if, on the other hand, it was not changed, then the plaintiff would be entitled to recover, for the reason that it is conceded on behalf of the defendant that be has sold these notes to an innocent purchaser, and that they were executed.”
That is substantially all that is said on the issue of frEud' or mistake by the court, and it was not objected to or excepted to by either party. The question then submitted to the jury is, Was the change made by agreement of the parties? If by agreement, then they are bound;but if not, then plaintiff could recover the amount of the difference.. We are inclined to the view evidently entertained by the defendant’s attorneys at the time of the trial, that this charge is correct. It submitted the real question in the case, and one that might be submitted, notwithstanding the petition alleges a fraudulent change.
If.our conclusion here is correct, then the verdict is supported by the evidence. There is a conflict in the evidence about whether the change was made by agreement or otherwise; but we think, after an inspection of the papers showing the change from the contract to the provisions of the- *87 notes and mortgage, that the burden would fall on the defendant below to show that this change was pursuant to an agreement made by and binding upon the parties. This burden we think the defendant failed to sustain. It is suggested that other changes were made from the written contract which were favorable to the plaintiff below; that the time of payment of the last note is fixed some six months later by the note than the' extreme limit named in the contract. This is true, but for such an extension of time the defendant was to receive interest at eight per cent. The contract provided that the purchaser should pay the deferred payment, to-wit: $4,168, on or before September 23, 1905. Thus, by his option, he need not pay under the contract any of the purchase money until 1905; yet by the notes he bound himself to pay the greater proportion of the purchase money before 1905, and is only permitted an extension of six months upon a single payment of $600. This hardly creates a consideration for the addition of $245 of interest money to the terms of the contract.
Reynolds was to have possession of the farm after the execution of the deed to the purchaser until March 1, 1896. That is a pertinent reason for making the notes draw interest from that date. But there are indications that the scrivener who drafted the notes and mortgage intended to follow the contract, The notes are dated the day they are signed — September 25th — 'but all of them are written payable in a given number of years after March 1, 1896. That is the date from which computations of time are made in all notes. And the maker promises to pay the sums named with interest at seven or eight per cent, per annum, payable annually. This would seem to indicate that in the mind of the person who drafted the notes the interest would date from the same date that he had fixed to reckon *88 the running of the note from. Again the contract recites that all the purchase money unpaid on September 28, 1902, shall draw interest at eight per cent. This is interpreted in the drafting'of the notes by making only those which come due after that date, to-wit: the last four, draw interest at eight per cent, from their date. This is .evidently a misinterpretation of the provisions in the contract; but from the form of it, it would look as if those who drafted the notes intended or thought it would have the same effect as the contract.
Handy & Ogan and J. Q. Files, for Defendant in Error,
G. B. Heise and J. W. Roseborough, for Plaintiff in Error.
So this change to our minds seems to be the result of a mistake in understanding and correctly interpreting the contract, and in carrying that interpretation into the notes and mortgage, and that the court below correctly submitted the matter to the jury to pass upon the single question of fact, whether the parties had agreed to an alteration of the terms of the contract, and if they had not so agreed, then the contract under which this land was sold and of which the notes and mortgage were simply acts in execution, should determine the rights of the parties.
Second. We do not think that the counsel have saved, the objection made to the remarks of the attorney of the plaintiff below on the trial to the jury. We probably should add that if properly saved, we do not think those remarks were prejudicial.
So, for these reasons, the judgment will be affirmed.